UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-4075-BSS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT ISSA,

    Defendant.
_____/

**PRETRIAL DETENTION ORDER**

    The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** the defendant, ROBERT ISSA, **DETAINED** pursuant to the provisions of Sections (e), (f).

    The Court specifically finds that no conditions or combinations of conditions will reasonably assure the appearance of the defendant as required and that there is a serious risk that the defendant will flee.

1



The Court makes the following findings of fact with respect to the Order for Detention:

Factors:

a)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

ROBERT ISSA stands charged by criminal complaint with bank fraud, in violation of 18 USC §1344. If convicted, the defendant faces up to a maximum term of 30 years' imprisonment and a fine of up to $1 million.

b)  The weight of the evidence against the defendant.

The weight of the evidence against the defendant is overwhelming. On March 30, 2000, the defendant entered the First Union Bank in Plantation, Florida and deposited a $975,000 check made payable to Robert Issa d/b/a World Media drawn on Republic Security Bank in the name of Hialeah Park Racing, Inc. The defendant requested a withdrawal of $270,000 from the deposited check. A First Union Bank employee, unaware that there were insufficient funds for the deposited check, complied with the defendant's request and delivered $270,000 in cash to the defendant. The defendant placed the cash in a briefcase and delivered it to Tony Issa, identified by the defendant as a Saudi Arabian "sheik" and "prince" from whom the defendant was purchasing a racehorse. Tony Issa departed the bank with cash.

While the defendant was still in the bank, the First Union employee then contacted Republic Security Bank and was advised that the account on which the $975,000 check was drawn contained only $250 and that Robert Issa was the sole signatory on the

account. The bank employee confronted the defendant with this information and demanded return of the $270,000. The defendant responded that he had deposited the necessary funds into the account earlier that day, that said deposit must not be reflected in the current balance and that he would retrieve the money from the "sheik." The defendant departed the bank and never returned, despite his assurances in subsequent telephone conversations that he had found the "sheik" and the money and would return to the bank with the withdrawn funds. Three days later, the defendant broke his lease and vacated his rental residence without providing a forwarding address.

c) The history and characteristics of the defendant.

The defendant's true identity is unclear. Despite defense counsel's claim that the defendant does not use the last name of Matta, the defendant himself acknowledged at his initial appearance that he used Matta and Issa as his last name on different occasions. The defendant used the name Robert Matta Issa when he identified himself to Pretrial Services and the name Robert Madda (sic) Issa in an April 5, 2000, residential lease submitted by the defense at the Pretrial Detention hearing.

The defendant has traveled recently outside the United States, including a 1999 trip to Lebanon, his birthplace. He also has traveled to Switzerland, where he claims to maintain a residence. The validity of the defendant's Lebanese passport is suspect because it identifies the defendant as a Lebanese diplomat, contrary to evidence that the defendant is a naturalized citizen of the United States.

The Pretrial Services report reflects that the defendant owns a $900,000 commercial property in Lebanon and a savings account at a Swiss bank containing $40,000. The

3

victim bank in this case has been unable to verify the defendant's claim that he has a checking account at First Union Bank containing $300,000.

On April 2, 2000, three days after the commission of the alleged offense, the defendant broke his lease on his Plantation, Florida, residence and vacated said residence without leaving a forwarding address. The defendant offered no evidence to support his account to Pretrial Services that he earns income from his role as president for World Media, or any evidence regarding the nature of World Media's business.

    d)    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This court finds that there are no conditions of release which will reasonably assure the appearance of the defendant if released on bail.

IT IS HEREBY **ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the

corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this April 27, 2000, at West Palm Beach in the Northern Division of the Southern District of Florida.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:   AUSA Janice LeClainche
Michael Salnick
U.S. Marshal
U. S. Pretrial Services



## COURT MINUTES

U.S. MAGISTRATE JUDGE **ANN E. VITUNAC** DATE: 04/25/2000   TIME: 2:00 PM

DEFT. TONY ISSA a/k/a SALIM MATTA (J)   CASE NO. 00-5091-AEV
(Lebanese Interp. Ord'd-4/21/00)
_Janice LeClainche_
AUSA. LAUREN JORGENSEN   ATTY. DONNIE MURRELL (TEMP.)

AGENT. JULIE VOGT-FBI   VIOL. 18:3144

PROCEEDING  PRELIMINARY AND DETENTION HEARING   BOND. PTD (REQUESTED BY GOVT)

DISPOSITION  Preliminary & Detention held.

Deft present with counsel

Witness: Julie Ann Vogt - S/A FBI - sworn/test.

Defense Invokes the Rule

Witness: Michael John Klein - Fraud Investigator - First Union Bank

Govt. Proffers Evidence & address probable cause

Court finds Probable cause.

Deft detained without Prejudice

Written Order to follow.

Exhibit ~~Govt's~~ 1 admitted into evidence

Defense waives 10 days for arraignment &

Request additional time.

DATE: 4-25-00   TAPE: AEV 00-27-1829

Report Re Counsel & possible arraignment set for 5-3-2000 @ 10:00 am before Judge Johnson