cr-06108-WPD   Document 59   Entered on FLSD Docket 07/03/2000



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TONY ISSA
a/k/a Salim Matta

    Defendant.

_____/

### UNITED STATES' MOTION TO FORFEIT SUBSTITUTE PROPERTY

The United States requests that this Court order the forfeiture of substitute property of defendant Tony Issa pursuant to 21 U.S.C. §853(p), to satisfy partially the $270,000.00 forfeiture judgment entered in this matter. In support of its motion, the United States submits that:

1. On June 19th, through the 21st, 2000, the jury trial of defendant Tony Issa, a/k/a Salim Matta, ("Defendant") was held before this Court.

2. On June 21, 2000, the jury returned a guilty verdict against Defendant as to counts 1 and 2 of the indictment finding Defendant guilty of conspiracy to commit bank fraud and of knowingly and willfully executing a scheme to defraud and obtain monies ($270,000.00) from a financial institution (First Union National Bank)by means of a false and fraudulent representation in that Defendant caused the deposit of a worthless check and the withdrawal of $270,000.00 in cash as part of the same transaction, all in violation of 18 U.S.C. §§1344 and 2. Additionally, Defendant waived his right to a jury trial on the forfeiture portion of the case and stipulated before the Court



to a $270,000.00 forfeiture judgment, representing the amount of proceeds which he obtained directly or indirectly from the bank fraud offenses.

3.   On June 26, 2000, this Court entered a preliminary order of forfeiture where the $270,000.00 in United States currency, representing the proceeds which Defendant obtained directly or indirectly from the bank fraud offenses, were forfeited pursuant to 21 U.S.C. §853 and 18 U.S.C. §982 (D.E. 57).

4.   The specific properties which the United States seeks to forfeit, as substitute assets, to satisfy partially the $270,000.00 forfeiture judgment stipulated to by Defendant are the following:

> A.   Approximately $17,750.00 in account no. 0000009630, in the name of Coastal Mutual Inc., with Salim Matta as the signatory, at Republic Security Bank, 4441 Beacon Circle, West Palm Beach, Florida; and
>
> B.   $799.00 in cash recovered from Defendant at the time of his arrest.

5.   The instant motion to substitute assets is based upon the evidence developed at trial and the $270,000.00 forfeiture judgment stipulated to by Defendant, representing the proceeds derived from his illegal bank fraud activities.

## MEMORANDUM OF LAW

It was established at trial in the instant case through the testimony of various witnesses that Defendant derived $270,000.00 in cash from his bank fraud activities. The United States has exercised due diligence in attempting to trace the proceeds received by Defendant; however, the United States has not located sufficient proceeds to satisfy the $270,000.00 forfeiture judgment because Defendant has dissipated, otherwise transferred or disposed of the proceeds.

The forfeiture of a certain proceeds dollar amount, as here, is considered an in personam[1] money judgment against the defendant that can be satisfied from any property held by or for the benefit of the defendant. United States v. Navarro-Ordas, 770 F.2d 959, 970 (11th Cir. 1985), cert. denied, 475 U.S. 1016 (1986); United States v. Conner, 752 F.2d 566 (11th Cir.), cert. denied, 474 U.S. 821 (1985); United States v. Ginsburg, 773 F.2d 798 (7th Cir. 1985), and United States v. Benevento, 663 F.Supp. 1115 (S.D.N.Y. 1987). To that end, Section 853(p) of Title 21, United States Code provides that if any forfeited property under that Section "cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party" as a result of the defendant's own actions, the "court shall order the forfeiture of any other property of the Defendant up to the value [of the property so transferred by the defendant]". Thus, the asset substitution sought here falls within the statute authorizing it.

Even if some of the above-described property was placed in the names of third parties, it remains subject to substitution as the property of Defendant for the reasons set forth below. To the extent that any third party claimant exists, they may desire to challenge the Government's entitlement to the substituted property, they will have the opportunity to do so in the ancillary hearings phase of these forfeiture proceedings. Under Section 853(n), the United States must

---

[1] Because a criminal forfeiture is a money judgment against defendant, the defendant bears the burden of satisfying the forfeiture judgment regardless of what he has done with the original funds obtained from his illegal activity. United States v. Navarro-Ordas, 770 F.2d at 970; United States v. Ginsburg, 773 F.2d at 798. The Eleventh Circuit has recognized that the process of collecting on a forfeiture judgment can continue for years after the original forfeiture. See United States v. Reed, 924 F.2d 1014 (11th Circuit 1991) (assets substituted three years after the original forfeiture order; court properly forfeited substituted property to satisfy judgment of forfeiture).

3

provide notice of its intent to dispose of the property to interested parties through publication and, if practicable, direct written notice to known interested parties. 21 U.S.C. § 853(n)(1). Persons alleging an interest in the forfeited property then have 30 days within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(4). A given piece of property may not be disposed by the United States until all third party claims to it are resolved by the court.

For the foregoing reasons, the United States requests that this Court grant its Motion for Preliminary Forfeiture Order in order to satisfy the outstanding money judgment by substituting for forfeiture the assets described above. An Amended Preliminary Forfeiture Order is attached.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
STEVEN R. PETRI
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. A550048
Tel: (954) 356-7314, ext. 3599
FAX: (954) 356-7230

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 30th day of June, 2000, upon: Larry Donald Murrell, Jr., 400 Executive Center Drive, Suite 201, West Palm Beach, Florida, 33401.

STEVEN R. PETRI
ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TONY ISSA,
a/k/a Salim Matta

      Defendant.
_____/

## AMENDED PRELIMINARY ORDER OF FORFEITURE

This matter came before the Court on the United States' motion to forfeit certain properties of Defendant Tony Issa, a/k/a Salim Matta, in substitution for the $270,000.00 in bank fraud proceeds that were forfeited to the United States on June 26, 2000. Having reviewed the United States' motion, as well as the relevant evidence presented at trial, the Court finds:

THAT pursuant to Title 21, United States Code, Section 853(p) the below listed property owned or held on behalf of Defendant Tony Issa, a/k/a Salim Matta, is hereby CONDEMNED AND FORFEITED to the United States in partial substitution for the $270,000.00 as follows:

    1.    Approximately $17,750.00 in account no. 0000009630, in the name of Coastal Mutual Inc., with Salim Matta as the signatory, at Republic Security Bank, 4441 Beacon Circle, West Palm Beach, Florida; and

    2.    $799.00 in cash recovered from Defendant at the time of his arrest.

The above substitute property is forfeited up to the value of $18,549.00, said value to be

**1**

determined by the net proceeds realized by the Government after the disposition of any third party claims to the property. Any net proceeds from the disposition of the substitute property that collectively exceed $270,000.00 shall be returned to the Defendant Tony Issa, a/k/a Salim Matta.

It is further ordered that the United States Attorney General or her authorized designees shall seize and dispose of the above substitute property in accordance with law and Fed. R. Crim. P. 32(b)(2).

> HONORABLE WILLIAM P. DIMITROULEAS
> UNITED STATES DISTRICT JUDGE

cc: AUSA Steven R. Petri
    AUSA William H. Beckerleg, Jr.
    Larry Donald Murrell, Esq.