UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA

    Plaintiff,

v.

ROBERT ISSA

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR ENTRY OF
### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States moves for entry of judgment and the preliminary order of forfeiture pursuant to 18 U.S.C. §982(a)(2), 21 U.S.C. §853[1] and Fed. R. Crim. P. 32(d)(2). In support, the United States submits that:

1. On July 7, 2000, defendant Robert Issa ("defendant") plead guilty to Count 2 of the indictment which charged him with bank fraud, in violation of Title 18, United States Code, Section 1344.

2. The forfeiture portion of the indictment seeks to forfeit defendant's interest in a White 2000 Ford Excursion and the $250.00 remaining in account number 0143004077 at Republic Security Bank in the name of Hialeah Park Racing, Inc.

3. At his plea colloquy on July 7, 2000, defendant Robert Issa agreed to the forfeiture of the property referred to in paragraph two of this motion.

---

[1] 18 U.S.C. §982(a)(6)(B) incorporates the provisions of 21 U.S.C. §853.



4. Rule 32 (d)(2), Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture at any time after accepting a guilty plea or the return of a guilty verdict.

5. Title 21 United States Code §853 (g), provides.

> Upon entry of an order of forfeiture under this section the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

6. Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32(d)(2), the United States requests that the Court enter the attached-preliminary order of forfeiture.

## ASSET SOUGHT TO BE FORFEITED

7. Accordingly, the United States requests that this Court enter an order forfeiting the $250.00 in the account at Republic Security Bank in the name of Hialeah Park Racing, Inc., and the remaining equity in the White 2000 Ford Excursion vehicle, VIN# 1FMNU43S57YEA0066.

## NOTIFICATION PROCEDURE

8. After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1). If any third party claims or petitions are filed with the Court within the applicable period, the United

2

States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

9. The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. §982 and 21 U.S.C. §853.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
STEVEN R. PETRI
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3599
FAX: (954) 356-7230
Bar No. A550048

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed this /8th day of August, 2000, to

F. Lee Bailey
823 North Olive Avenue
West Palm Beach, FL 33401

STEVEN R. PETRI.
ASSISTANT U.S. ATTORNEY

4